**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

SHARON ROSE PORTER,                    §
                                       §
      Plaintiff,                       §
                                       §
v.                                     §    Case No. 4:25-cv-1046-JDK-KNM
                                       §
TOYOTA MOTOR CREDIT                    §
CORPORATION d/b/a LEXUS                §
FINANCIAL SERVICES,                    §
                                       §
      Defendant.                       §

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sharon Rose Porter, who is proceeding pro se and *in forma pauperis*, filed this lawsuit in the Northern District of Texas, alleging that Defendant Toyota Motor Credit Corporation violated multiple federal laws in connection with a vehicle loan transaction between the parties to this action. Docket No. 9. The case was subsequently transferred to the Eastern District of Texas and referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Docket No. 10.

The Magistrate Judge previously notified Plaintiff that her operative complaint (Docket No. 9) failed to state a claim and gave her an opportunity to amend her complaint. *See* Docket No. 15. Plaintiff timely amended her complaint to assert violations of the Fair Credit Reporting Act ("FCRA"), the Truth in Lending Act ("TILA"), and the Equal Credit Opportunity Act ("ECOA"), as well as claims under Texas law. Docket No. 16 at 2–4.

1

On March 27, 2026, the Magistrate Judge issued a Report and Recommendation, finding that Plaintiff's amended complaint (Docket No. 16 at 2–4) failed to state a federal claim and recommending that Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Docket No. 17. Plaintiff timely filed written objections. Docket No. 18. However, Plaintiff's objections did not comply with Local Rule CV-72(c). Accordingly, the Magistrate Judge struck Plaintiff's objections and provided Plaintiff with five days to file written objections in compliance with the Local Rules. Docket No. 19. Plaintiff mailed compliant written objections to the Clerk's office, which were received and docketed shortly after Plaintiff's deadline. *See* Docket No. 20. Although Plaintiff's objections are untimely, the Court will exercise its discretion and consider them. *See Loredo v. Barnhart*, 210 Fed. App'x 417, 418 n.1 (5th Cir. 2006) (noting that the district court has discretion to consider late-filed objections (citing *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988)).

This Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## I.

In her Report, the Magistrate Judge reviewed Plaintiff's federal claims under the FCRA, the TILA, and the ECOA before considering Plaintiff's state-law claims. *See* Docket No. 17. The Magistrate Judge concluded that Plaintiff failed to plead

essential elements of each of her federal claims and that those claims should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2). *Id.* at 3–6. Because the Magistrate Judge recommended dismissal of all claims over which the Court has original jurisdiction[1], she further recommended that the Court decline supplemental jurisdiction over Plaintiff's state-law claims and dismiss them without prejudice. *Id.* at 6–7. The Magistrate Judge did not consider whether Plaintiff properly stated any of her state-law claims. *Id.*

Plaintiff raises the following eight objections to the Magistrate Judge's Report: (1) the Magistrate Judge improperly assumed that Defendant had standing to enforce the loan agreement by repossessing her vehicle; (2) to the extent the Magistrate Judge concluded that Defendant's repossession of Plaintiff's vehicle was lawful, there is insufficient evidence to support such a conclusion; (3) Defendant violated the FCRA; (4) Defendant violated the TILA; (5) Defendant violated the ECOA; (6) the Magistrate Judge failed to construe Plaintiff's pro se pleadings liberally; (7) Plaintiff's allegations support her claims; and (8) dismissal of Plaintiff's complaint is premature, as discovery is needed to fully establish the factual basis for Plaintiff's claims. Docket No. 20 at 1–3.

Plaintiff's objections are meritless. In her first and second objections, Plaintiff argues that the Magistrate Judge made improper findings regarding Defendant's standing to repossess her vehicle. Docket No. 20 at 1. However, the Magistrate Judge's Report does not contain any findings or conclusions as to Defendant's right

---

[1] Plaintiff's second amended complaint (Docket No. 16 at 2–4) asserts that the Court has federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331.

to enforce the loan agreement or the validity of Defendant's repossession of Plaintiff's vehicle. *See generally*, Docket No. 17. Plaintiff's first and second objections are therefore overruled.

Next, Plaintiff's third, fourth, fifth, and seventh objections simply restate her FCRA, TILA, and ECOA claims and the factual allegations in support thereof. Docket No. 20 at 1–2. Plaintiff's objections do not, however, identify any error in the Magistrate Judge's assessment of her pleadings. *Id.* Nor do Plaintiff's objections suggest that Plaintiff could remedy the deficiencies identified by the Magistrate Judge if given an additional opportunity to replead. *Id.* Accordingly, the Court overrules Plaintiff's third, fourth, fifth, and seventh objections.

Plaintiff argues in her sixth objection that the Magistrate Judge failed to liberally construe her pro se pleadings. Docket No. 20 at 2. In the Fifth Circuit, "[t]he filings of a pro se litigant are to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citation modified). However, "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). To do so, a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim[.]" *Id.* at 470 (citations omitted). Even construing her second amended complaint liberally, Plaintiff did not plead sufficient facts on all of the ultimate elements of her federal claims, and her federal claims therefore fail. Accordingly, Plaintiff's sixth objection is overruled.

Finally, Plaintiff's eighth objection argues that dismissal is premature because

4

there has not been sufficient time to conduct discovery. Docket No. 20 at 3. Plaintiff's position is inconsistent with governing law. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss [an in forma pauperis] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" In other words, the Court may evaluate the sufficiency of Plaintiff's pleadings at any stage of the case, regardless of the status of discovery. Further, once the Court determines that Plaintiff has not stated a claim, Section 1915(e)(2) requires the Court to dismiss her case. Here, the Magistrate Judge properly concluded that Plaintiff failed to state a federal claim, so dismissal of her federal claims is required by Section 1915(e)(2). Under 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the [Court] has dismissed all claims over which it has original jurisdiction[.]" Moreover, when "all the federal law claims are dismissed prior to trial, a district court *should* dismiss the state law claims." *Sprague v. Dep't of Fam. and Protective Servs.*, 547 Fed. App'x 507, 509 (5th Cir. 2013) (citing *Robertson v. Neuromed. Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998)) (emphasis added). At this stage, dismissal of all of Plaintiff's claims is appropriate. Plaintiff's eighth objection is therefore overruled.

## II.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 17) as the opinion of this Court. Plaintiff's FCRA, TILA, and ECOA

claims are therefore **DISMISSED with prejudice** for failure to state a claim.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Therefore, Plaintiff's state-law claims are **DISMISSED without prejudice**.  Any motions pending in this case are **DENIED as moot**.

So **ORDERED** and **SIGNED** this **21st** day of **April, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE